■ WARD K. JANSEN et al., Appellants, v. CHARLES SAWLING et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of defendants entered in Ulster County upon a decision by the court at Trial Term without a jury. Appellants sought a determination that they had an easement by prescription over a corner portion of respondents' property used by them as a right of way. In 1945 and 1958 appellants purchased two adjacent parcels of property remote from Lapala Road, the nearest highway. To get to their property appellants crossed other property, including respondents', by means of a dirt road about 10 feet wide and about .2 mile long. The road had existed for about 60 years and was used by appellants without objection from 1945 through 1963. In 1961 the respondents purchased their property and allowed the appellants to use the road for hauling wood in 1962 but stopped any further use of the property in 1962 or 1963 when appellants attempted to sell the land. An easement by prescription may be acquired by using land of another adversely to his rights when the use is continuous, open, notorious and uninterrupted. (*Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505, 512.) The use must exist for 15 years. (CPLR 218, subd. [b]; Civ. Prac. Act, §§ 34-37.) The trial court correctly held the appellants had not established a continuous adverse use of the right of way. The only extensive use of the road was in the years 1946, 1952 and 1962 when the appellants hauled wood for several weeks during each winter. Occasionally, the road was used to go hunting, but not more than a dozen times by the appellants' own estimate. The adverse use need not be on a daily basis, but it must be such that an owner of the land would or should recognize a hostile claim is asserted. (*Merriam* v. *352 W. 42nd St. Corp.*, 14 A D 2d 383; *Moore* v. *Day*, 199 App. Div. 76, affd. 235 N. Y. 554.) The logging operations could be considered as an adverse use but they were not continuous for the prescriptive period. In addition, there is evidence by several neighbors that use of the road for gathering fuel wood was permitted as a matter of courtesy among neighbors. Many of them had similarly used logging roads in the area. The use originated with the implied permission of the land owners. A pre-

sumption of ownership can be implied only where the other elements of prescription have been established. Where permission to use the land can be implied from the beginning, no adverse user may arise. (*Pirman* v. *Confer,* 273 N. Y. 357, rearg. den. 274 N. Y. 570, mot. to amd. remittitur granted 275 N. Y. 624.) Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.