■ JOSEPH J. HASSINGER et al., Appellants, v FRANK KLINE et al., Respondents, et al., Defendants. — In an action, *inter alia*, for a judgment declaring that plaintiffs have acquired an easement by prescription and to permanently enjoin defendants from interfering with plaintiffs' use of a gravel road which runs across defendants' property, plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered September 21, 1981, which, after a nonjury trial, *inter alia*, enjoined plaintiffs and every person

claiming under them from asserting a claim to a prescriptive easement over defendants' land. Judgment affirmed, with costs. In the case at bar, the neighborly relationship between plaintiffs, their predecessors in title and defendants' predecessors in title, created an implication that the use of the disputed roadway was permissive (see, generally, 3 Powell, Real Property, Easements and Licenses, par 413, p 34-108). Where permission can be implied from the beginning, no adverse user may arise until there is an assertion of a hostile right which is made known to the property owner (see *Moore v Day,* 235 NY 554; *Jansen v Sawling,* 37 AD2d 635, 636; *Durand v Leigh,* 15 AD2d 629, 630). Plaintiffs have not shown that they or their predecessors in title have asserted a right which was hostile to the rights of the defendants or the defendants' predecessors in title (cf. *Kaufman v Eidelberg,* 78 AD2d 674). The use of the disputed roadway, arising from a cordial and co-operative relationship, connoted not a hostile user but, rather, a permissive one. Accordingly, the judgment of Trial Term must be affirmed. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.