■ CARL BISBEE et al., Appellants, v JAMES H. SPACHT et al., Respondents.—Order, insofar as appealed from, unanimously modified, on the law, to grant summary judgment to defendants dismissing the complaint and declaring that the bank's covenant to convey the mineral rights was a personal promise running from the bank to the Spachts and, as modified, affirmed, without costs. Memorandum: Plaintiffs sought a judgment declaring that they are entitled to certain mineral rights and extinguishing defendants' claims to those rights. They appeal from an order denying their motion for summary judgment. Plaintiffs argue that there are no issues of fact and that they are entitled to judgment as a matter of law on their theories of estoppel by deed and covenant running with the land. We agree that there are no material triable issues of fact but disagree that plaintiffs are entitled to prevail on their claim.

Plaintiffs cannot prevail on their theory of estoppel by deed. The 1942 deed from the bank specifically reserved the mineral rights from the grant to Spachts. The 1945 deed from Spachts

to Parsons, plaintiffs' predecessor in interest, specifically conveyed "the same premises conveyed to" Spachts by the 1942 deed. Such reference to a prior conveyance defines and limits the interest granted by the subsequent deed *(Pillmore v Walsworth,* 166 App Div 557, 562, *affd sub nom. Pillmore v Harrington,* 232 NY 591; *see,* 5A Warren's Weed, New York Real Property, Title Examination § 5.05 [4th ed]). Since Spachts did not purport to convey anything more than they had previously received, they are not estopped to deny title to the mineral rights as a result of their subsequent acquisition of those rights *(see generally,* 43 NY Jur 2d, Deeds, § 259).

Nor can plaintiffs prevail on the theory that there is a covenant running with the land. We discern no intention on the part of the parties to the 1942 deed that the bank's promise to convey one half the mineral rights to Spachts upon satisfaction of their mortgage indebtedness would run with the land so as to compel all subsequent grantors to include the mineral rights in conveyance of the surface rights *(see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 255). Moreover, we cannot conclude that the bank's promise to convey the mineral rights "touches and concerns" the surface rights *(Eagle Enters. v Gross,* 39 NY2d 505, 509-510). Consequently, we conclude that the bank's covenant to convey the mineral rights was a personal promise running from the bank to the Spachts. (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.