■ RICHARD H. HAMILTON et al., Respondents, v ROGER D. KENNEDY, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered June 16, 1989 in Schoharie County, upon a decision of the court, without a jury, in favor of plaintiffs.

The issues involved herein are whether Supreme Court was correct in holding (1) that defendant failed to establish a right to an easement by prescription as to a portion of a town road in the Town of Middleburgh, Schoharie County, since he failed to show that parcels owned by plaintiffs and defendant came from a common grantor, and (2) that defendant failed to establish that his use of the road prior to 1985 was hostile.

In 1971, plaintiffs purchased a 175-acre tract of land in the town. Defendant owns a plot conveyed to him by his mother, Loretta Kennedy, and a second parcel acquired in 1985 from Eleanor De Barr. This land forms the northwest boundary of plaintiffs' property. Prior to 1965, access to the Kennedy and

De Barr properties was gained via a public road known as Durfee or Bouck Road. The road traverses the property owned by plaintiffs. In 1965, Durfee Road was abandoned by the town. Defendant and his predecessors in interest and their invited guests continued to use the road for logging, hunting and recreational use. Since the late 1960s defendant regularly used the road to transport firewood and logs for his firewood business.

Plaintiffs, who were aware of the road's existence and its abandonment, posted the road in 1971 when they acquired the property. Defendant nonetheless continued to use it from 1971 until the time of trial of this action, that is May 1989. In 1984, plaintiffs orally notified defendant that the road was private and that such use was considered trespassory. This was followed by letter communications in 1985 and 1986 to the same effect from plaintiffs' counsel. Despite plaintiffs' attempts to physically block defendant's access, defendant continued to use the road and informed plaintiffs of his intention to do so. Plaintiffs then commenced this action in 1987 seeking to enjoin defendant's use of the road and sought damages for trespass. Defendant asserted the affirmative defense that the road was public and that, in the alternative, he was entitled to a prescriptive easement over the land.

A prescriptive easement " 'arises by the adverse, open, notorious and continuous use of another's land for the prescriptive period' " *(Kusmierz v Baan,* 144 AD2d 829, 830, quoting *Susquehanna Realty Corp. v Barth,* 108 AD2d 909). The party asserting an easement by prescription must prove by clear and convincing evidence that the use was adverse, open, notorious and continuous for the statutory prescriptive period *(Fila v Angiolillo,* 88 AD2d 693). RPAPL 311 mandates a 10-year prescriptive period.

In this case, the record is replete with testimony of defendant's continued use of the road. Defendant contends that since his open, notorious and continuous use of the road is undisputed by plaintiffs, plaintiffs had the burden to prove that defendant's use was permissive rather than adverse and that plaintiffs failed to sustain this burden. Further, defendant contends that Supreme Court's determination that defendant did not establish his entitlement to a prescriptive easement since the lands did not originate from a common grantor and that, in any event, he failed to demonstrate that his use of plaintiffs' property was hostile is in error. We agree.

Defendant has established the existence of a prescriptive

easement by proof of open, notorious and continuous use of the road since at least 1965. Such a showing gives rise to the presumption that the use was hostile and shifts the burden to the owner of the servient land to show that the use was by license or permission *(Colpitts v Cascade Val. Land Corp.,* 145 AD2d 750, 751). Furthermore, unlike an easement by implication, unity and subsequent separation of title is not a condition precedent for a prescriptive easement *(see, Kusmierz v Baan, supra,* at 830); therefore, defendant did not need to prove that there was a common grantor.

Here, plaintiffs take the position that defendant's use of the road was the result of a continuation of an implied permission or license flowing from the town and thus no prescriptive use was established. We note that the record is barren of any implicit permission from the town to defendant or his predecessors in interest to use the road. Thus, plaintiffs' position cannot be sustained based on a claim of implicit permission from the town. Nor was permissive use proven. To the contrary, plaintiffs attempted to stop defendant's use of the road. Plaintiffs have thus failed to rebut the presumption of adverse, rather than permissive, use.

Supreme Court ruled that defendant's use of the road until 1985 was under the mistaken impression that it was a public roadway and it was not until 1985 that defendant was made aware by plaintiffs' counsel that it was not a public roadway. It held, therefore, that defendant's use could not be a hostile one. The court observed that it was clear that defendant would not have purchased his land in 1983 and 1985 if he had had knowledge that there was no public access to it, further negating hostile use of the road. We disagree. A hostile claim does not require ill will but merely a claim of right *(Slater v Ward,* 92 AD2d 667) and wrongful entry *(Merriam v 352 W. 42nd St. Corp.,* 14 AD2d 383). The record indicates that defendant, his predecessors in interest and their guests used the road since at least 1965. This use was inconsistent with the rights of plaintiffs. Defendant has thus proven a prescriptive easement over the road which plaintiffs failed to challenge in timely fashion, i.e., within 10 years.

Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered in defendant's favor declaring defendant's entitlement to a prescriptive easement over plaintiffs' land. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.