■ EDWARD N. BOVA et al., Plaintiffs, and DONNA DEUEL et al., Respondents, v BENJAMIN J. VINCIGUERRA et al., Appellants.—Crew III, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered May 28, 1991 in Saratoga County, upon a decision of the court in favor of certain plaintiffs.

Plaintiffs Donna Deuel, Gladys Ecock, Alecsa Lefkovitz, Joan Lefkovitz and Percy E. Pariseau (hereinafter collectively referred to as plaintiffs) own parcels of real property along South Beach Road, also known as Ninth Street, in the Town of Malta, Saratoga County. All of the properties are in close proximity to Saratoga Lake. Whenever they wanted to gain access to or depart from the lake, plaintiffs would walk across a path on land owned by defendants. In December 1979, defendants erected a fence along the path which prevented plaintiffs from gaining access to the lake. In September 1980, plaintiffs commenced this action against defendants asserting that they had a prescriptive easement in the path. Issue was joined and, after a nonjury trial, Supreme Court found for plaintiffs and enjoined defendants from interfering with plaintiffs' right to use the path. This appeal by defendants ensued.

In order to establish a claim for a prescriptive easement appurtenant, plaintiffs must demonstrate by clear and convincing evidence that their use of the path on defendants' property was for the benefit of their real property and was adverse, open and notorious, continuous and uninterrupted for the prescriptive period *(see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Reiss v Maynard,* 170 AD2d 992, 992-993, *lv dismissed* 78 NY2d 908; *Hamilton v Kennedy,* 168 AD2d 717, 718, *lv denied* 77 NY2d 808). Such a showing gives rise to a presumption that the use of the path by plaintiffs was hostile and shifts the burden to defendants to show that the use of such path was by license *(see, Di Leo v Pecksto Holding Corp., supra; Hamilton v Kennedy, supra,* at 719; *see generally, Jansen v Sawling,* 37 AD2d 635). It is not essential that plaintiffs demonstrate that their use of the path was exclusive *(see, McLean v Ryan,* 157 AD2d 928, 930; *Fila v Angiolillo,* 88 AD2d 693, *lv denied* 57 NY2d 609) and plaintiffs' claim will not be defeated merely because their use was seasonal *(see, Epstein v Rose,* 101 AD2d 646, 647, *lv denied* 64 NY2d 611; *Slater v Ward,* 92 AD2d 667, 668; *Beutler v Maynard,* 80 AD2d 982, 983, *affd* 56 NY2d 538).

In the instant action, a review of the record demonstrates

that Ecock used the path on defendants' property to gain access to the lake every summer for 11 years to erect a dock around the Memorial Day holiday. Alecsa Lefkovitz and Joan Lefkovitz walked across the path for over 25 years to dock a boat, fish and swim in the summer and to go ice fishing and skating in the winter. Although relatives, friends and guests walked across the path as well, the record indicates that plaintiffs were the principal users of the path on defendants' property (see, Reed v Piedimonte, 138 AD2d 937, lv denied 72 NY2d 803). Those plaintiffs have demonstrated by clear and convincing evidence that their use of the path on defendants' property prior to the erection of the fence in 1979 was open, notorious and continuous, giving rise to the presumption that the use was adverse and shifting the burden to defendants to show that the use of the path was by license (see, Di Leo v Pecksto Holding Corp., supra; Hamilton v Kennedy, supra, at 719). Defendants failed to present sufficient evidence to rebut the presumption. Accordingly, Supreme Court properly found that plaintiffs established their claim for a prescriptive easement appurtenant (see, Denniston's Crossing v State of New York, 76 AD2d 988).

Deuel's interest, however, is different in kind from that of the other plaintiffs. While the record is clear that Deuel walked across the path on defendants' property to gain access to the lake for almost 40 years, it is equally clear that she did not own real property during that time period. Accordingly, Deuel is entitled to a prescriptive easement in gross and not appurtenant as held by Supreme Court (see, Matter of Thomson v Wade, 117 AD2d 996, affd 69 NY2d 570; Hoffman v Capitol Cablevision Sys., 52 AD2d 313, 315, lv denied 40 NY2d 806).

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff Donna Deuel a prescriptive easement appurtenant; said plaintiff is awarded a prescriptive easement in gross; and, as so modified, affirmed.