■ ELIZABETH M. SLEASMAN et al., Respondents, v EDWIN P. WILLIAMS, JR., et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 26, 1991 in Warren County, upon a decision of the court in favor of plaintiffs.

Plaintiffs commenced this RPAPL article 15 action to establish, *inter alia,* a prescriptive easement over a 10-foot-wide portion of defendants' property abutting plaintiffs' land to the east. Supreme Court found for plaintiffs following a nonjury trial. We now affirm.

It is well settled that an easement by prescription requires proof of the adverse, open, notorious and continuous use of another's land for the prescriptive period *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909). Generally, "an open, notorious, uninterrupted and undisputed use of a right-of-way is presumed to be adverse or hostile, under claim of right, and casts the burden upon the owner of the servient tenement to show that the use was by license" *(Borruso v Morreale,* 129 AD2d 604, 605; *see, Di Leo v Pecksto Holding Corp., supra).*

The record adequately supports the finding that plaintiffs' use of the right-of-way was open, notorious, uninterrupted and undisputed for the requisite period of time. Accordingly, plaintiffs' use was presumed to be adverse, under a claim of right, and defendants had the burden to show that the use was by license. Defendants made no such showing.

While permission may be inferred when the relationship between the parties or their respective predecessors in title is one of cooperation and neighborly accommodation *(see, e.g., Hassinger v Kline,* 91 AD2d 988, 989), and it is undisputed that plaintiffs were friends with defendants' predecessor in

title, there is no factual support for defendants' claim that plaintiffs' use of defendants' property arose from this friendly relationship. Thus, permission cannot be "implied from the beginning" and the presumption of hostility has not been rebutted *(cf., Susquehanna Realty Corp. v Barth, supra,* at 910; *Hassinger v Kline, supra).*

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.