■ DUANE S. MILLER, Appellant, v JOHN W. RAU et al., Respondents. [597 NYS2d 532] —Levine, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 10, 1992 in Schoharie County, upon a decision of the court in favor of defendants.

The parties own adjacent lots located in the Town of Summit, Schoharie County. Plaintiff's 75-acre parcel to the northeast of defendants' parcel is landlocked, except for his claim to a prescriptive easement over a roadway located on defendants' property. The Town and County ceased maintaining the roadway in the 1930s after it fell out of public use. In 1940, a common grantor conveyed the respective parcels to the parties' predecessors in title.

The evidence was that plaintiff's predecessors in title, Janice Reiser and her former husband, purchased their property in 1964 and built a cabin and related structures on their parcel and improved the portion of the roadway on their property; they used it until 1975 when Reiser acquired full title in a divorce settlement. After Reiser and her husband first purchased the property, they used the roadway as the exclusive means of access to their property. Reiser conveyed the property to plaintiff in 1986. Defendants acquired their parcel in 1984. In 1986, defendant Kenneth R. Rau advised plaintiff that there was no right-of-way over defendants' land, declined plaintiff's offer to sell his property to defendants, and subsequently erected steel posts to block the roadway.

Plaintiff thereafter commenced this RPAPL article 15 action seeking a declaration that he had acquired an easement by prescription over the roadway located on defendants' property. Defendants answered. After a nonjury trial, Supreme Court dismissed the complaint, finding that Reiser and her former husband had used the roadway to access the property "on occasional weekends during the summer and fall until Thanksgiving of each year" and that such use, while open and adverse, was not continuous or uninterrupted. Plaintiff now appeals.

In order to establish a prescriptive easement over defendants' property, plaintiff had to show by clear and convincing evidence adverse, open and notorious, and continued and uninterrupted use of the roadway for the prescriptive period *(see, Bova v Vinciguerra,* 184 AD2d 934; *Hamilton v Kennedy,* 168 AD2d 717, 718, *lv denied* 77 NY2d 808; 2 Warren's Weed,

New York Real Property, Easements, § 5.01 [4th ed]), which is 10 years *(see,* RPAPL 311; *see also,* CPLR 212 [a]). Once these elements are established, a presumption arises that such use was hostile and the burden shifts to defendants to show that the use was permissive *(see, Bova v Vinciguerra, supra; see also, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512). Seasonal use of the roadway will not prevent plaintiff from establishing a prescriptive easement, as long as such use was continuous and uninterrupted and commensurate with appropriate existing seasonal uses *(see, Bova v Vinciguerra, supra; Epstein v Rose,* 101 AD2d 646, 647, *lv denied* 64 NY2d 611; *Slater v Ward,* 92 AD2d 667, 668; *Beutler v Maynard,* 80 AD2d 982, 983, *affd* 56 NY2d 538; 2 Warren's Weed, New York Real Property, Easements, § 5.06 [4th ed]; 2 NY Jur 2d, Adverse Possession, § 56, at 363). This is because "[t]he requisite of continuity depends upon the nature of the right claimed [and] [t]he use need not be constant" *(Beutler v Maynard, supra,* at 983). Further, plaintiff is not required to demonstrate that his predecessors' use of the roadway was exclusive as long as they were the principal users of the road *(see, Bova v Vinciguerra, supra; Epstein v Rose, supra,* at 647).

In the instant action, a review of the record demonstrates that each year from 1964 until 1975 Reiser and her former husband exclusively used the roadway on defendants' property to gain access to their property every other weekend between Memorial Day and Labor Day and at Thanksgiving. Reiser testified that during 1964 they stayed in a tent on the property; in 1965 they built a plywood shelter and later, in 1969, built a cabin, outhouse and tool shed, and subsequently dug a pond. On three occasions in 1969, defendants' predecessors in title placed trees and stones in the roadway blocking access to plaintiff's property, but Reiser and her former husband removed the obstructions and continued to use the roadway. They never asked permission to use the roadway. Although others apparently walked across the roadway for hunting and fishing and other uses, the record reflects that plaintiff's predecessors in interest were the principal users of the path on defendants' property *(see, Bova v Vinciguerra, supra,* at 935; *Reed v Piedimonte,* 138 AD2d 937, *lv denied* 72 NY2d 803).

We conclude that Reiser and her former husband's use of the roadway to access their property, although not constant, qualified as an appropriate seasonal use *(see, Beutler v Maynard, supra,* at 983). Indeed, "[w]here such regular seasonal use is made for access to a summer cabin, a [servient] land-

owner may not reasonably believe that a hostile claim is not being asserted. The presence of a cabin, although not constantly inhabited or utilized, is a clear expression of intention to use the right of way; use of the [roadway] was actual, not merely threatened, and defendants were not powerless to stop the use during the prescriptive period" *(Beutler v Maynard, supra,* at 983). Plaintiff has demonstrated by clear and convincing evidence that his predecessors' use of the roadway on defendants' property was open, notorious and seasonally continuous from at least 1964 through 1975, thus satisfying the 10-year prescriptive period and giving rise to the presumption that the use was adverse, thereby shifting the burden to defendants to show that the use was permissive *(see, Bova v Vinciguerra, supra,* at 935). Defendants failed to present sufficient evidence to rebut the presumption.

Moreover, the record does not support defendants' claim that the prescriptive easement was ever abandoned due to nonuse or otherwise. Although Reiser testified that she did not use her property from 1976 until she sold it to plaintiff in December 1986, the record is devoid of any evidence that plaintiff or his predecessors ever manifested an intent to give up use of the easement or acted inconsistent with the existence of the easement *(see, Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35, 39-40; 3 Powell, Real Property, Easements ¶ 423, at 34-249—34-260; Restatement of Property § 504, comments *c, d; see also,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 182 *et seq.; compare,* 2 Warren's Weed, New York Real Property, Easements, §§ 12.01, 12.07, at 67, 76 [4th ed]). Accordingly, plaintiff has established his claim for a prescriptive easement over the roadway to access their property.

Weiss, P. J., Crew III and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, judgment granted in favor of plaintiff and it is declared that plaintiff has a prescriptive easement over defendants' property.