■ REMI CHARLEBOIS et al., Appellants, v LOBE-A PROPERTY OWNERS, INC., Respondent. [597 NYS2d 776] —Mikoll, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered October 31, 1991 in Madison County, upon a decision of the court in favor of defendant.

Plaintiffs initiated this RPAPL article 15 action in Supreme Court for, *inter alia,* a declaration that each one has a prescriptive easement over that portion of defendant's property adjacent to their five respective individual adjacent lots located in the Town of Lenox, Madison County. The property

in dispute (hereinafter the disputed area) lies between the northerly boundary of plaintiffs' properties and the shoreline of Oneida Lake and is apparently titled to defendant. Issue was joined and trial was held before Supreme Court without a jury. The court ruled that defendant was incorporated in 1980 to acquire and maintain recreational areas in the tract where plaintiffs' properties are located and purported to acquire title to that property in 1983. Supreme Court found that plaintiff Elizabeth Bartella had an express easement in her deed giving her the right to use the disputed area adjacent to her property and, thus, having a written right-of-way, cannot establish adverse use. The court also concluded that defendant gave the other plaintiffs permission on several occasions to use the disputed area adjacent to their respective properties. The court then granted judgment dismissing the complaint and implicitly declared that plaintiffs did not acquire prescriptive easements. This appeal by plaintiffs ensued.

Initially we note that plaintiff Terry Jorris did not offer any evidence in support of his claim of a prescriptive easement at trial and Supreme Court properly treated his claim as abandoned.

The law appears settled that it is incumbent upon one intending to establish a claim for a prescriptive easement appurtenant to demonstrate by clear and convincing evidence that such use was adverse, open and notorious, continuous and uninterrupted for the 10-year prescriptive period (*Bova v Vinciguerra*, 184 AD2d 934). Such proof creates a presumption that the use was hostile and the burden is then shifted to the defendant to establish that the use was permissive *(supra)*. However, a plaintiff need not prove that such use was exclusive of others' use *(supra)*.

Examination of the record indicates that the claim of plaintiff Remi Charlebois is not supported by clear and convincing evidence that his use or that of the immediate prior holder of the title to his property was open and notorious for the prescribed period. His testimony describing his sister's alleged open and notorious use of the disputed area is insufficient as it is based on his infrequent visits. Testimony as to his own use of the disputed area does not establish that it was open and notorious, continuous and uninterrupted for the required 10 years (*see, Bova v Vinciguerra, supra*).

Supreme Court erred in its ruling on plaintiff Josephine Destito's property. The court improperly reasoned that because Destito was a member of defendant, her use of the disputed area adjacent to her property was with defendant's

permission and, thus, she did not acquire a prescriptive easement. Joseph Destito's testimony established that the Destitos' use of the property was open and notorious, continuous and uninterrupted since 1953, clearly meeting the time requirements for a prescriptive easement prior to defendant's alleged acquisition of title in 1983 *(see, Bova v Vinciguerra, supra).*

Supreme Court properly dismissed Bartella's claim for a prescriptive easement as her deed contained an express easement.

Supreme Court erred in its ruling regarding the claim of plaintiff William Rybak. His testimony established that his use of the disputed area satisfied the 10-year prescriptive period before defendant acquired its title. The court improperly found that Rybak's use was permissive and should have declared that he had a prescriptive easement *(see, Bova v Vinciguerra, supra).*

We have considered plaintiffs' claims of erroneous evidentiary rulings by Supreme Court concerning the introduction of evidence and find them without merit.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the claims of plaintiffs Josephine Destito and William Rybak; it is declared that plaintiffs Josephine Destito and William Rybak have established their respective claims for prescriptive easements and that plaintiffs Remi Charlebois, Elizabeth Bartella and Terry Jorris have failed to establish their respective claims for prescriptive easements; and, as so modified, affirmed.