■ ALBERT P. LED DUKE et al., Appellants, v SHARON A. SOMMER, Respondent. [613 NYS2d 985] —Mikoll, J. Appeal from an order of the County Court of Saratoga County (Williams, J.), entered April 6, 1993, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

On or about July 7, 1953, plaintiffs entered into an agreement with Edith Bills to purchase certain real property located in the Town of Providence, Saratoga County, upon the payment of $1,500 at the rate of $25 per month for 60 months. Plaintiffs took immediate possession of the property and upon completion of the payments, Bills transferred title to them. Plaintiffs' property is near, but not touching, Lake Nancy. Since 1953, plaintiffs have accessed Lake Nancy for swimming, sunbathing, fishing and boating activities by crossing over a 20-foot wide portion of defendant's property. The own-

ers of defendant's property at the time plaintiffs took possession of their property were Thurman Conde and Hazel Conde, defendant's parents.

Defendant acquired title to her parents' property on Lake Nancy, including the access way used by plaintiffs, in September 1989. In June 1991, defendant informed plaintiffs that they were trespassing on her property and requested that they cease and desist from these actions. Plaintiffs commenced this RPAPL article 15 action seeking, *inter alia,* a declaration that they had established an easement over defendant's property. Defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved for summary judgment. County Court, in granting defendant's motion, found that "plaintiffs have never asserted that their use was adverse or hostile" and that their "assumption that they had the right to cross the defendant's land does not ripen into a right to burden that land" and dismissed the complaint.* This appeal by plaintiffs ensued.

The order of County Court should be reversed, defendant's motion denied, plaintiffs' cross motion granted and plaintiffs' right to a prescriptive easement declared.

It is well settled that in order to establish an easement by prescription, plaintiffs must show by clear and convincing evidence the adverse, open and notorious, continued and uninterrupted use of defendant's property for the prescriptive period of 10 (formerly 15) years *(see, Miller v Rau,* 193 AD2d 868, 868-869; *Sleasman v Williams,* 187 AD2d 852; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 121). "Once these elements are established, a presumption arises that such use was hostile and the burden shifts to defendant[ ] to show that the use was permissive" *(Miller v Rau, supra,* at 869). That plaintiffs' use of the disputed parcel was seasonal does not prevent them from establishing a prescriptive easement as long as it was continuous and uninterrupted and commensurate with appropriate seasonal use *(see, Bova v Vinciguerra,* 184 AD2d 934; *Epstein v Rose,* 101 AD2d 646, 647, *lv denied* 64 NY2d 611).

The record reveals that plaintiffs established by clear and convincing evidence that their use of the disputed property for beach and boating purposes was open, notorious and seasonally continuous from 1953 through 1991. Their use of the

---

* County Court should have made a declaration of the parties' rights as required in an RPAPL article 15 action rather than dismissing the complaint *(see,* RPAPL 1521 [1]; *Riggs v Kirschner,* 187 AD2d 759, 760).

access way was without any interference or obstruction. During this time period, plaintiffs replaced sand on the beach, cleaned debris on and around the access way in the spring and acted affirmatively to keep strangers from using it. Plaintiffs stated that neither defendant nor defendant's parents protested their use of the access way between 1953 and 1991. Moreover, plaintiffs did not ask for or receive permission from defendant or her parents to use the property. Plaintiffs' proof, therefore, raises the presumption that their use of the property was hostile and under a claim of right, placing the burden on defendant to show that the use was by license *(see, Sleasman v Williams,* 187 AD2d 852, *supra; Borruso v Morreale,* 129 AD2d 604, 605).

Defendant's proof does not negate the presumption of hostility *(cf., Weinberg v Shafler,* 68 AD2d 944, 945, *affd* 50 NY2d 876). Defendant relies on a statement made by plaintiff Lillian Led Duke (hereinafter Led Duke) at her deposition to prove that plaintiffs did not show that their use of the property was hostile. Led Duke testified that she thought she had "permission of some sort to be able to use the land". Looking at the context in which this statement was made, the "permission" she referred to was from Edith Bills' son, Kenneth Bills, and not from defendant or defendant's parents. The fact that neither Edith nor Kenneth Bills were the record owners of the access property makes Led Duke's testimony relating to permission irrelevant, as only "[s]eeking permission for use from the *record owner* negates hostility" *(City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 124, *supra* [emphasis supplied]). Further, Led Duke had previously unequivocally claimed that she did not receive permission to use the access way from anyone.

As to defendant's testimony concerning permission, defendant did not allege that she gave plaintiffs permission to use the access way. She maintains that it is her understanding through conversations with her parents that her parents gave plaintiffs permission to use the access property. Other than defendant's own statement concerning this understanding, no other evidence supports this claim *(see, Mihaly v Mahoney,* 126 AD2d 791, 793) and plaintiffs' testimony is to the contrary. Defendant's statement on this point is conclusory, speculative and based on hearsay. As such, it is inadmissible as support for defendant's case or to defeat plaintiffs' entitlement to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557; *Brocco v Mileo,* 170 AD2d 732, 733, *lv denied* 78 NY2d 853; *Brocco v Mileo,* 144 AD2d 200, 201).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to plaintiffs and it is declared that plaintiffs have a prescriptive easement over defendant's property to access Lake Nancy.