■ KATHLEEN S. POSNICK, Formerly Known as KATHLEEN S. FLETCHER, Respondent, et al., Plaintiff, v SIGRID R. HERD, as Trustee of the Trust Made by SIGRID HERD, Appellant. [660 NYS2d 756] —Casey, J. Appeal from an order and judgment of the Supreme Court (Vogt, J.), entered November 30, 1995 in Ulster County, upon a verdict rendered in favor of plaintiff Kathleen S. Posnick.

Plaintiff Kathleen S. Posnick (hereinafter plaintiff) is the record owner of certain real property located on the west side of State Route 28 in the Town of Kingston, Ulster County, having acquired such by two separate deeds from her father and stepmother in 1973 and 1975. This property is bordered on the east by land now owned by plaintiff Steven F. Ellsworth, whose property fronts Route 28, and on the south by land now owned by defendant. Plaintiff's deeds refer to an 18-foot right-of-way from Route 28 over Ellsworth's land to her property, upon which an apartment building is located.

Since purchasing the property, plaintiff used a triangular portion of defendant's property to travel to and from Route 28 to the apartment building. In February 1992 or March 1992, however, defendant erected a fence barring plaintiff's use of this triangular parcel. Plaintiffs thereafter commenced this

RPAPL article 15 action seeking a declaration that a prescriptive easement had been acquired over the triangular parcel. A jury trial was held after which a verdict was returned in favor of plaintiff.* Defendant's motion to set aside the verdict was denied and defendant now appeals.

To establish a prescriptive easement, plaintiff must demonstrate by clear and convincing evidence that her use of the subject property was "adverse, open and notorious, continuous and uninterrupted for the 10-year prescriptive period" (*Charlebois v Lobe-A Prop. Owners*, 193 AD2d 916, 917; *see, Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512). Such a showing gives rise to the presumption that the use is hostile and the burden then shifts to defendant to establish that the use was permissive (*see, Led Duke v Sommer*, 205 AD2d 1009, 1010; *Bova v Vinciguerra*, 184 AD2d 934).

Initially, we find that as plaintiff is not required to show that her use was exclusive (*see, Charlebois v Lobe-A Prop. Owners, supra*, at 917; *Bova v Vinciguerra, supra*, at 934), Supreme Court's revised instruction with respect to this element was not error. Furthermore, as the record reveals that plaintiff established by clear and convincing evidence that her use of the disputed property was open, notorious and continuous from at least 1975 to the time when the fence was erected, and defendant's proof failed to negate the presumption of hostility, the error, if any, in Supreme Court's failure to specifically instruct the jury that defendant could rebut the presumption was harmless.

Plaintiff testified that when she first acquired the property, she did not know the exact location of the right-of-way described in her deeds until the late 1970s when the State created curb cuts for each parcel of land. Even after this time, she continued to traverse the triangular parcel to access her property although she knew she was not the owner. Plaintiff and her former husband, Jeffrey Fletcher, testified that they made arrangements to remove snow from this entrance, occasionally cleared away grass and vegetation, and filled potholes.

The only time that access was in any way restricted was in 1974 or 1975 when defendant's predecessor-in-title, Robert Small, parked trucks across the entrance for a day or two. Fletcher testified that Small did not actually block the parcel, but merely made it inconvenient for tenants to get to and from the apartment building, and when asked to move the trucks

---

* Ellsworth, the only other plaintiff, discontinued his action against defendant by stipulation of all parties.

Small complied the next day. Although defendant elicited testimony from Small that he parked his vehicles several times to stop the entrance from becoming a public right-of-way, "there was no proof that [this] temporary device[ ] ever effectively interfered with, or disturbed, plaintiff's continuous use of the [entrance]" (*Reed v Piedimonte*, 138 AD2d 937, *lv denied* 72 NY2d 803). Moreover, even if Small blocked the entrance a few times a year as he testified, it was clear that at least between 1978, when defendant became the sole owner of this property, and 1992, when she erected the fence, defendant never obstructed or protested plaintiff's use of this entrance. Based on this testimony, plaintiff clearly demonstrated that her use was hostile (*see, Hamilton v Kennedy*, 168 AD2d 717, 718, *lv denied* 77 NY2d 808). As defendant failed to present evidence that express or implied permission was granted to plaintiff between 1975 and 1992, plaintiff was entitled to a prescriptive easement (*see, id.*, at 719).

Defendant finally contends that the jury should have been instructed that plaintiff's offer to purchase the easement from defendant rebutted the presumption of hostility. First, we note that although plaintiff's counsel may have attempted to make an offer, none was in fact made. Furthermore, as indicated above, plaintiff demonstrated that her use of the land was hostile from 1975 to 1992. The conversation between plaintiff's counsel and defendant did not take place until after the fence was erected in 1992, and, as such, after plaintiff had already claimed her right to use the land for more than 10 years (*cf., Manhattan School of Music v Solow*, 175 AD2d 106, 107, *lv dismissed, lv denied* 79 NY2d 820). Consequently, any evidence of such offer was not relevant and could not impact on her claim.

Any remaining contentions raised by defendant have been considered and found lacking in merit.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.