■ LASSITER PROPERTIES, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105613.) [802 NYS2d 770]—

Spain, J. Appeal from an order of the Court of Claims (Fitzpatrick, J.), entered April 14, 2003, which granted defendant's motion to dismiss the claim.

This dispute over timber rights in the Town of Colton, St. Lawrence County (hereinafter the property) requires the interpretation of a deed executed in 1925 by the Oval Wood Dish Corporation to F.L. Carlisle & Company, wherein Oval Wood expressly reserved its interest in the timber "now standing or lying on the above described premises." Claimant is a successor in interest to the timber rights described in the 1925 deed and defendant is the current owner of the property. Claimant commenced this action on February 15, 2002 to establish its alleged timber rights. Defendant moved to dismiss the claim as untimely, arguing that claimant's asserted right to the timber was contractual in nature and, thus, subject to a six-month statute of limitations period (*see* Court of Claims Act § 10 [4]). The Court of Claims agreed, and found that the claim was untimely.* On claimant's appeal, we affirm.

The sole argument presented on appeal is that claimant's cause of action is not for breach of contract, subject to the six-month limitations period as determined by the Court of Claims, but that claimant's right to cut timber is a property right and, thus, subject to the three-year limitations period governing claims for the appropriation of the land by defendant (*see* Court of Claims Act § 10 [1]). It is settled law that a grant of timber, which transfers not only the timber then growing but also that which may grow in the future, coupled with a perpetual easement appurtenant thereto to enter upon the premises for the removal of the timber, is a transfer of such interest in land as constitutes a freehold estate (*see Fischer v Zepa Consulting*, 95 NY2d 66, 71 [2000]). On the other hand, a more limited conveyance of the right to harvest timber on the property as it exists at the time of the conveyance, within some reasonable time period, is not a property interest but, rather, a contractual interest in the timber to be harvested (*see Fischer v Zepa Consulting, supra* at 71; *Decker v Hunt*, 111 App Div 821, 825 [1906]; *see also* UCC 2-107).

Here, the clear language of the 1925 deed transfers only the

---

* The Court of Claims has granted claimant permission to file a late notice of claim (*see* Court of Claims Act § 10 [6]) and that action is pending, awaiting determination—in the instant appeal—of the question of whether the claim will proceed on a contract or appropriation theory.

timber *"now* standing or lying on the above described premises, together with the right to enter on said premise for the purpose of removing said timber until such time as the lands are flooded or overflowed" (emphasis added). Contrary to claimant's arguments, we do not find that the language granting the appurtenant right to enter the property "until such time as the lands are flooded or overflowed" creates an ambiguity; to the contrary, the language appears merely to set an outside limit to the grantee's time to harvest the timber, rather than a grant of any additional right to timber which might grow prior to the time the property is flooded. Finding the deed to be clear on its face, we reject claimant's invitation to look beyond the language of the deed to parol evidence, either in the form of a contract purportedly executed at the same time as the deed or the past practices of the parties.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.