*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                518771
_____

LASSITER PROPERTIES, INC.,
                    Appellant,

            v                               MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                    _____


        Muller, Mannix & Hobbs, PLLC, Glens Falls (Daniel J. Mannix
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the Court of Claims (Hard, J.),
entered June 24, 2013, upon a decision of the court in favor of
defendant.

        The present dispute arises over timber rights purportedly
possessed by claimant, and the underlying facts are set forth
more fully in our prior decisions (84 AD3d 1559 [2011]; 22 AD3d
895 [2005]).  Briefly, in 1925, Oval Wood Dish Corporation
conveyed real property in the Town of Colton, St. Lawrence County
that was to be flooded to create a reservoir.  Oval Wood reserved
the right to harvest timber from those lands until they were
"flooded or overflowed," which occurred in the 1950s.  In 1988,
claimant acquired a variety of property interests in the
Adirondacks, including whatever timber rights remained extant on

the flooded parcels.  Also in 1988, defendant and claimant negotiated an arrangement wherein some of claimant's recently acquired holdings would be sold to a third party, then conveyed to defendant.  Defendant acquired the purported timber rights upon some of the flooded parcels as part of that transaction, and granted an easement so that claimant could access its own property and the remaining flooded parcels upon which it believed it had timber rights.

Claimant harvested timber from the flooded parcels on which it believed it had timber rights until they were sold to defendant in 2000.  Defendant refused to recognize claimant's timber rights upon those parcels, prompting claimant to commence this action seeking damages stemming from the deprivation of its right to harvest timber.  The Court of Claims (Siegel, J.), in a decision affirmed by this Court, partially granted defendant's motion for summary judgment and held that claimant's contractual timber rights terminated when the lands were flooded in the 1950s (84 AD3d at 1560-1561).  The Court of Claims (Hard, J.) then conducted a nonjury trial to determine "whether the numerous writings and memoranda between the parties could have created a new agreement as to timber rights" (84 AD3d at 1560 n 2).  The Court of Claims held that they did not, and claimant now appeals.

In "reviewing a determination after a nonjury trial, this Court independently considers the weight of the evidence and may grant whatever judgment is warranted by the record, all while deferring to the trial judge's factual findings, especially where those findings are based on credibility determinations" (Smith v State of New York, 121 AD3d 1358, 1358-1359 [2014]; see St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth., 121 AD3d 1226, 1227 [2014]).  We agree with the Court of Claims that defendant was entitled to judgment and, accordingly, affirm.

Here, the interactions between claimant and defendant prior to 2000 reflect their mutual, and mistaken, belief that claimant had timber rights on the partially flooded parcels.  The Court of Claims aptly noted, however, that the parties' 1988 transaction "was not an agreement by which . . . defendant was to convey timber rights to claimant and neither party understood it as so." As claimant appears to acknowledge, the parties' mistake as to

the existence of timber rights on other property provides no basis to disturb that transaction (see e.g. Jossel v Meyers, 212 AD2d 55, 57 [1995]).  Claimant instead asserts that defendant should be estopped from denying the existence of the timber rights because, in 1988, defendant purchased some of the nonexistent timber rights and granted claimant an easement so that it could access others.  In that regard, "[f]or estoppel by deed to apply, the party who is sought to be estopped must . . . have the power to pass title by direct conveyance" (5-48 Warren's Weed Real Property § 48.09 [2014]; see Mutual Life Ins. Co. v Corey, 135 NY 326, 334 [1892]).  It suffices to say that defendant did not own the property at issue until 2000 and, thus, its actions prior to that time could not give rise to an estoppel (see Bisbee v Spacht, 125 AD2d 982, 983 [1986]; compare Village of Tarrytown v Woodland Lake Estates, 97 AD2d 338, 342 [1983], lv dismissed 63 NY2d 771 [1984] [grantor previously owned property and reacquired it]).

Peters, P.J., Rose and Egan Jr., JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court