Auswin Realty Corp. v Klondike Ventures, Inc. (2018 NY Slip Op 04997)





Auswin Realty Corp. v Klondike Ventures, Inc.


2018 NY Slip Op 04997


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525352

[*1]AUSWIN REALTY CORPORATION, Appellant,
v
KLONDIKE VENTURES, INC. et al., Defendants, and TOMPKINS REALTY & DEVELOPMENT CO., INC., et al., Respondents.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Ricciani & Jose, LLP, Monticello (E. Danielle Jose-Decker of counsel), for appellant.
Levene Gouldin & Thompson, LLP, Vestal (Justin L. Salkin of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an amended order of the Supreme Court (Lambert, J.), entered May 1, 2017 in Delaware County, upon a decision of the court in favor of defendants.
Plaintiff and defendant Tompkins Realty & Development Co., Inc. (hereinafter TRD) are neighboring property owners in the Town of Hancock, Delaware County. Plaintiff acquired its property in 1990 and TRD acquired its property in 2007. It is undisputed that an approximately one-half-mile long "skidder trail" begins on TRD's property, extends along the border with plaintiff's property and, at two different places, crosses onto plaintiff's property before returning to TRD's property. In June 2013, plaintiff commenced this action alleging that, in 2012, defendants trespassed and removed trees from its property. In June 2015, as a result of certain motions, Supreme Court issued an order that, among other things, allowed TRD and defendant Richard J. Mirch, a member of TRD, to amend their answer to assert a prescriptive easement defense. The parties agreed to allow the court to first decide the easement claim and, after a nonjury trial, the court determined that all defendants had a prescriptive easement over plaintiff's property in the two locations where the skidder trail crossed the boundary line between [*2]the parcels. Plaintiff now appeals.
To establish a claim for a prescriptive easement, a party "must show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Gulati v O'Leary, 125 AD3d 1231, 1233 [2015]; see Mobile Motivations, Inc. v Lenches, 26 AD3d 568, 569 [2006]). The record reflects that plaintiff has owned its property since 1990 and that Robert Vairo, an officer of plaintiff, owned the property with his wife for two years prior to transferring ownership to plaintiff. Prior to TRD's purchase of its property in 2007, the property was owned by Lucille Rodgers and Raijean Johannsen from 2006 to 2007, Rodgers from 1999 to 2006, and Rodgay, Inc. from 1971 to 1999.
At the trial, Russell Csigay testified that his father and uncle were principals of Rodgay, Inc. and that Rodgers was his uncle's wife. During his testimony, Csigay recalled using the property on weekends regularly from 1982, when he was eight years old, until 2002, when he enlisted in the armed services. He specifically recalled using the skidder trail during hunting season to access a tree stand located towards the end of the trail. He explained that he walked the skidder trail with a representative of TRD prior to his testimony and, with reference to a survey map prepared in 2013, he confirmed that the skidder trail had not altered course since 2002. He also identified the two areas where the skidder trail crossed over the boundary line onto plaintiff's property. According to Csigay, the skidder trail curved at one crossover to avoid a rock formation and at the second crossover to bypass a large tree stump. Csigay also recalled that his family hired loggers who would use the skidder trail when they logged the property and that he and his brother would maintain and clear the skidder trail as necessary. According to Csigay, in the mid-1980s, his older brother used a skidder to perform a "major overhaul" and clear the skidder trail. Csigay testified that he believed that whenever he used the skidder trail, he remained on his family's property. Mirch testified that he walked along the skidder trail before TRD purchased the property and that, thereafter, he used the skidder trail to access his property for hunting, that TRD used the trail for logging operations and that TRD had not altered or redirected the trail. For plaintiff's part, Vairo testified that, although he also hunted on his property and walked along what he believed to be the border between the two properties, he never saw the skidder trail until 2012. Nevertheless, Vairo testified that he recalled giving Csigay's father permission to use his property — including, presumably, the portions of the skidder trail that crossed onto plaintiff's property.
Contrary to plaintiff's argument, when we give the requisite deference to Supreme Court's factual findings and credibility determinations (see Lassiter Props., Inc. v State of New York, 126 AD3d 1150, 1151 [2015]; Mobile Motivations, Inc. v Lenches, 26 AD3d at 569), we find that Csigay's unequivocal testimony with regard to his family's use of the entire skidder trail from 1982 to 2002 established TRD's claim for a prescriptive easement over the two crossover areas (see Miller v Rau, 193 AD2d 868, 869 [1993]; Fila v Angiolillo, 88 AD2d 693, 693 [1982], lv denied 57 NY2d 609 [1982])[FN1]. The element of continuous use may be established where, as here, a party's predecessors used the property for the requisite 10 years (see Meyers v Carey, 75 AD3d 949, 949-950 [2010]; Miller v Rau, 193 AD2d at 869-870). Although TRD's predecessors used the property primarily during the hunting season, such use did not negate the existence of a [*3]prescriptive easement because TRD established that the use was "continuous and uninterrupted and commensurate with appropriate seasonal use" (Led Duke v Sommer, 205 AD2d 1009, 1010 [1994]; see Weir v Gibbs, 46 AD3d 1192, 1193 [2007]). Further, in the absence of sufficient evidence that plaintiff and TRD's predecessors shared a relationship "of neighborly cooperation and accommodation" (Taverni v Broderick, 111 AD3d 1197, 1199 [2013] [internal quotation marks and citation omitted]), we agree with the court's determination that plaintiff failed to meet its burden of establishing that the continuous use was permissive (see Beutler v Maynard, 80 AD2d 982, 983 [1981], affd 56 NY2d 538 [1982]). Although the parties agree that the skidder trail was not used from 2002 to 2007, nonuse of an established easement does not equate to abandonment (see Miller v Rau, 193 AD2d at 870). Here, the record reveals no intent to abandon the skidder trail, only that Csigay stopped using it due to his military service.
Finally, the undisputed evidence in the record is that TRD's forester used a bulldozer to extend the "bulk of the [skidder] trail" from a width of seven to eight feet to a width of 12 to 14 feet. The right to a prescriptive easement is measured by the extent of the use (see Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 157 [1992]). Accordingly, Supreme Court should have limited the prescriptive easement to no more than eight feet in width and directed TRD to restore the crossover areas to this width (see Vitiello v Merwin, 87 AD3d 632, 633 [2011]; Dermody v Tilton, 85 AD3d 1682, 1683 [2011]).
We have considered the parties' remaining arguments and find them to be either without merit or, given the foregoing, academic.
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the amended order is modified, on the law, without costs, by reversing so much thereof as (1) found that defendants Klondike Ventures, Inc., Malcolm Crawson and Richard J. Mirch had a prescriptive easement over portions of plaintiff's property and (2) failed to limit the width of the prescriptive easement of defendant Tompkins Realty & Development Co., Inc.; the prescriptive easement is limited to a width of eight feet and Tompkins Realty & Development Co., Inc. is directed to restore the subject property to said width; and, as so modified, affirmed.



Footnotes

Footnote 1:Because TRD and Mirch do not challenge plaintiff's argument that only TRD is entitled to a prescriptive easement, we will modify the amended order accordingly.