Mastbeth v Shiel (2023 NY Slip Op 03895)

Mastbeth v Shiel

2023 NY Slip Op 03895

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

536119
[*1]Vilona T. Mastbeth, Appellant,
v
Derrick E. Shiel, as Executor of the Estate of Richard E. Shiel, Respondent.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellant.
Monaco Cooper Lamme & Carr PLLC, Albany (Jonathan E. Hansen of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Martin D. Auffredou, J.), entered August 23, 2022 in Warren County, upon a decision of the court in favor of defendant.
The parties own properties on Thomas Mountain in the Town of Lake Luzerne, Warren County, and those properties are accessed by turning off of Old Stage Road and heading northward on Griffin Road, which runs over several parcels of real property on the mountain. Plaintiff and her deceased husband purchased two of those parcels in 1989 and 1991, respectively, and she has easement rights entitling her to cross her southerly neighbors' property on Griffin Road to access them. In 1998, Richard E. Shiel purchased a parcel north of plaintiff's property that lacked similar easement rights. Plaintiff initially permitted Shiel to cross her property on Griffin Road to reach his parcel but, in 2004, arrived at her property to find that he "had dug up the whole area" along the road, purportedly impairing her ability to access her property with a vehicle and causing various negative effects to her property. She thereafter directed him to stay off of her property.
Plaintiff commenced this action in 2006 and, as set forth in her third amended complaint, alleged, in part, that Shiel's actions constituted a trespass and that she was entitled to damages for the harm he caused to Griffin Road and her adjacent property.[FN1] Shiel answered and asserted three counterclaims, one of which was that he had a prescriptive easement over Griffin Road. Shiel passed away in the midst of the nonjury trial that got underway 13 years later, leading to the substitution of the executor of his estate as a party defendant. Following the conclusion of trial in 2020, Supreme Court issued a judgment in which it, in relevant part, determined that defendant had a prescriptive easement over Griffin Road and that, while Shiel's actions in 2004 did impermissibly damage the road and plaintiff's property to some degree, plaintiff had not proven the monetary amount of those damages as required. Supreme Court accordingly dismissed the third amended complaint and granted defendant's counterclaim seeking a determination that he had a prescriptive easement over Griffin Road. Plaintiff appeals.
In reviewing Supreme Court's "nonjury verdict, we independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (Ross v GEICO Indem. Co., 172 AD3d 1834, 1835 [3d Dept 2019] [internal quotation marks and citations omitted]; see Ampower-US, LLC v WEG Transformers USA, LLC, 214 AD3d 1129, 1130 [3d Dept 2023]; Burpoe v McCormick, 190 AD3d 1070, 1071 [3d Dept 2021]). Plaintiff challenges two aspects of that verdict upon this appeal, namely, that defendant had a prescriptive easement over her property and that she had not proven the amount of [*2]damages caused by Shiel's 2004 alteration of Griffin Road on it.
With regard to defendant's counterclaim that he had a prescriptive easement to use Griffin Road on plaintiff's property, he "was required to 'show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years' " (Rensselaer Polytechnic Inst. v Schubert, 170 AD3d 1307, 1310 [3d Dept 2019], quoting Gulati v O'Leary, 125 AD3d 1231, 1233 [3d Dept 2015]; see Burpoe v McCormick, 190 AD3d at 1071; Woehrel v State of New York, 178 AD3d 1169, 1170 [3d Dept 2019]). Supreme Court found that defendant had met that burden by establishing that two of his predecessors-in-title who owned his property between 1985 and when Shiel purchased it in 1998, George McGowan and G. Judson Kilmer, had used Griffin Road in an adverse fashion for over 10 years. In making that finding, Supreme Court credited testimony from McGowan, who owned defendant's property from 1985 to 1991. McGowan specifically testified how he routinely drove motor vehicles, a John Deere 640 skidder and other logging equipment on Griffin Road during one winter when he was culling trees on defendant's property, how he used the road to make periodic hunting and inspection visits throughout his ownership, and how he had both performed maintenance on, and made improvements to, the road. He also made clear that he had never asked plaintiff or anyone else for permission to use the road, as well as that he had seen other individuals who owned property north of plaintiff's lands use the road in a similar fashion. Contrary to the suggestion of plaintiff, Supreme Court was free to find from this testimony that McGowan had used Griffin Road on her property in an open, notorious and continuous manner during the six years that he owned defendant's property that would give rise to a presumption of hostility (see Auswin Realty Corp. v Klondike Ventures, Inc., 163 AD3d 1107, 1109 [3d Dept 2018]; Miller v Rau, 193 AD2d 868, 869 [3d Dept 1993]; see also Hamilton v Kennedy, 168 AD2d 717, 718-719 [3d Dept 1990], lv denied 77 NY2d 808 [1991]; cf. Jansen v Sawling, 37 AD2d 635, 635-636 [3d Dept 1971]).
In order to establish that this adverse use of Griffin Road had continued for the requisite 10-year period, however, defendant was obliged to prove that Kilmer used the road in a similar fashion after he acquired defendant's property in 1991. As Kilmer had died by the time of trial, defendant attempted to do so via the testimony of McGowan. In particular, McGowan stated that he and Kilmer were friends, that Kilmer had purchased defendant's property to harvest timber and that Kilmer used Griffin Road to do so during his ownership. McGowan added that he had continued to use Griffin Road to access defendant's property for occasional hunting trips during the period that it was owned by Kilmer. McGowan nevertheless did not specify how often Kilmer used Griffin Road to access the property — indeed[*3], he admitted that he never saw Kilmer on defendant's property during the period that Kilmer owned it — nor did McGowan give any indication that Kilmer shared his view that no permission was needed to drive on it over plaintiff's property. Plaintiff documented how Kilmer did not share that view, in fact, as she testified that Kilmer asked for permission to use Griffin Road when he logged defendant's property in 1996 and placed the letter in which Kilmer made that request into evidence.[FN2] Although "[t]he adverse use need not be on a daily basis [for it to be continuous for purposes of a prescriptive easement claim], . . . it must be such that an owner of the land would or should recognize a hostile claim is asserted," and the foregoing proof of sporadic adverse use by McGowan and permissive use by Kilmer during the period that Kilmer owned defendant's property fell well short of that mark (Jansen v Sawling, 37 AD2d at 635). Accordingly, even after deferring to Supreme Court's assessment that the testimony of McGowan was credible, our independent review of the trial evidence reflects that defendant did not establish that the adverse use of the road continued for the requisite 10-year period. It follows that defendant's counterclaim for a prescriptive easement must be dismissed and that, in the absence of that easement, Shiel committed a trespass when he entered upon plaintiff's property in 2004 (see Alexy v Salvador, 217 AD2d 877, 878-879 [3d Dept 1995]; Charlebois v Lobe-A Prop. Owners, 193 AD2d 916, 917 [3d Dept 1993]; Jansen v Sawling, 37 AD2d at 635).
As for Supreme Court's determination that plaintiff's trespass claim against defendant must be dismissed due to her failure to establish the amount of damages flowing from Shiel's actions in 2004, plaintiff testified as to how those actions rendered Griffin Road temporarily impassable and damaged both her adjacent property and trees growing on it. Plaintiff further presented testimony and reports from an engineer who examined Griffin Road in 2009 and 2011 and opined as to what was necessary to "restore" the road to its condition south of plaintiff's property, as well as that of a contractor who rendered an estimate as to the cost of doing so. As Supreme Court noted, however, this proof did not reflect the actual damage caused by Shiel to Griffin Road in 2004 because the portion of the road running south from her property was improved by her southerly neighbor in 2002 and, even before Shiel's trespass, was in significantly better condition than the portion running over her own property. Supreme Court further noted that the competing cost estimate for the road work offered by defendant and admitted into evidence suffered from the same problem, leaving the actual cost of restoring the road on plaintiff's property to the condition that it existed in prior to 2004 a matter of pure speculation. Supreme Court also noted, accurately, that plaintiff failed to quantify the cost of other damage Shiel had done [*4]to her property and failed to articulate exactly how many trees had been damaged or removed by his actions.
The foregoing proof leads us to agree with Supreme Court that plaintiff failed to meet her burden of proving "[t]he lesser of the diminution in value of the property or the cost to repair" that would be the ordinary measure of damages for a trespass (McDermott v City of Albany, 309 AD2d 1004, 1006 [3d Dept 2003], lv denied 1 NY3d 509 [2004]; see Jenkins v Etlinger, 55 NY2d 35, 39 [1982]) or, for that matter, the loss of a specific number of trees for purposes of RPAPL 861 (see Skinner v Crandall, 140 AD3d 1215, 1216 [3d Dept 2016]). She was accordingly not entitled to an award of actual damages. Nevertheless, because "nominal damages can be presumed in an action for trespass to real property," dismissal of her trespass claim was not warranted upon that basis (Ivory v International Bus. Machines Corp., 116 AD3d 121, 132 [3d Dept 2014], lv denied 23 NY3d 903 [2014]; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 96 [1993]). Thus, the claim should have been granted with an award of nominal damages, and we modify the judgment to grant the claim against defendant and award damages of $1 (see Taverni v Broderick, 111 AD3d 1197, 1200 [3d Dept 2013]; Strader v Ashley, 61 AD3d 1244, 1248 [3d Dept 2009], lv dismissed 13 NY3d 756 [2009]; Danchak v Tuzzolino, 195 AD2d 936, 938 [3d Dept 1993]).
Lynch, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed plaintiff's third cause of action insofar as it asserted a claim for trespass against defendant and granted defendant's first counterclaim for a prescriptive easement; plaintiff's third cause of action granted to that extent with damages awarded in the amount of $1 and defendant's first counterclaim dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff also asserted claims against other individuals and entities who owned property north of her parcels and purportedly used Griffin Road to access them, but those claims were apparently discontinued and/or dismissed.

Footnote 2: Supreme Court stressed that Kilmer harvested timber on defendant's property "quickly" after he purchased defendant's property in 1991 — in other words, before he asked plaintiff's husband for permission to use Griffin Road in 1996 — but McGowan was far from clear on that point in his testimony. McGowan did not state when Kilmer harvested timber on defendant's property, instead testifying that "it wasn't a long time" between Kilmer's purchase of the property and the timber harvesting, then refusing to confirm that it occurred shortly after the purchase because he did not "know how quick it was."