■ ROCCO MIDOLLO, Appellant, v VINCENT FANELLI et al., Respondents.—In an action, *inter alia,* to establish an easement by prescription over a strip of land owned by the defendants, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Burchell, J.H.O.), dated May 22, 1990, as, after a nonjury trial, dismissed the third cause of action of the complaint, which sought a declaration that such an easement existed.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment providing that the plaintiff does not have an easement over the defendants' property.

It is well settled that a party claiming an easement by prescription must prove an "adverse, open and notorious, continuous and uninterrupted" use of another's land for the prescriptive period, which in this case was conceded to be 15 years *(see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512). The use "need not be on a daily basis, but it must be such that an owner of the land would or should recognize a hostile claim is asserted" *(Jansen v Sawling,* 37 AD2d 635; *see also, Merriam v 352 W. 42nd St. Corp.,* 14 AD2d 383; *Moore v Day,* 199 App Div 76, *affd* 235 NY 554). Furthermore, " '[u]nder ordinary circumstances, an open, notorious, uninterrupted and undisputed use of a right of way is presumed to be adverse under claim of right and casts the burden upon the owner of the servient tenement to show that the user was by license' " *(Di Leo v Pecksto Holding Corp., supra,* at 512, citing *Pirman v Confer,* 273 NY 357, 363).

Contrary to the plaintiff's contentions, we are satisfied that, under the circumstances of this case, the use of the defendants' land did not manifest a sufficient degree of openness and notoriety or adverseness to give rise to a prescriptive easement.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a decla-

ration in favor of the defendants rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).* Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.