■ GLENN A. HUDSON et al., Appellants, v EUGENE J. MURRAY et al., Respondents. [616 NYS2d 386] —In an action for injunctive relief and a judgment declaring, inter alia, that the hiring of part-time employees to perform the work of the plaintiff employees would violate NY Constitution, article V, § 6, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), dated July 30, 1992, which, after a nonjury trial, (1) denied the plaintiffs' application for an injunction, and (2) granted the defendants' cross motion for dismissal of the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which dismissed the complaint in its entirety, and substituting therefor a provision declaring that the hiring or transfer of part-time employees of

the Village of Rockville Centre to perform the work of the plaintiff employees would not constitute a violation of NY Constitution, article V, § 6, and otherwise dismissing the complaint; as so modified, the order and judgment is affirmed, with one bill of costs to the defendants, appearing separately and filing separate briefs, and the matter is remitted to Supreme Court, Nassau County, for entry of an amended judgment in accordance herewith.

The plaintiffs, former employees of the defendant Village of Rockville Centre (hereafter the Village) were discharged allegedly due to budgetary problems. They then commenced this action, seeking to enjoin their discharge and to have their discharge declared improper. On June 14, 1991, the parties appeared before the Supreme Court, and sworn testimony was taken. At the close of the plaintiffs' testimony, the defendants made an application to dismiss the complaint. The court then made a ruling on the record dismissing the complaint. Thereafter, the order and judgment appealed from was issued.

We agree with the Village's contention that the proceeding in the Supreme Court was a trial on the merits of the action. At the close of the plaintiffs' case, the court found that the plaintiffs were not entitled to the relief they sought. Thus, the Village's application to dismiss the complaint after the plaintiffs rested was proper. However, as the plaintiffs also sought declaratory relief in their complaint, it was inappropriate to dismiss the action in its entirety, without also declaring the rights of the parties (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951; Midollo v Fanelli, 186 AD2d 545). Mangano, P. J., Lawrence, Altman and Florio, JJ., concur.