■ CAROL K. LUCAS, Appellant, v CATHERINE BENJAMIN, Respondent, et al., Defendants. [624 NYS2d 714] —Judgment

unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: The determination of Supreme Court that plaintiff did not acquire a prescriptive easement over a portion of the property of defendant Catherine Benjamin is supported by the record. "In order to establish a prescriptive easement over defendant['s] property, plaintiff had to show by clear and convincing evidence adverse, open and notorious, and continued and uninterrupted use of [defendant's property] for the prescriptive period" *(Miller v Rau,* 193 AD2d 868; *see, Hasgo Power Equip. Sales v Lewis,* 213 AD2d 1016 [decided herewith]; *Reinwald v Accardi,* 201 AD2d 476; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 120-121, *appeal dismissed* 58 NY2d 824). Plaintiff failed to meet that burden. The court, however, rather than dismissing the complaint insofar as it sought a declaratory judgment, should have declared the rights of the parties *(see, Shields v City of Buffalo,* 206 AD2d 921, *lv denied* 84 NY2d 813). We modify the order on appeal, therefore, by reinstating the complaint insofar as it seeks a declaratory judgment and by granting judgment in favor of defendant Catherine Benjamin declaring that plaintiff has not acquired a prescriptive easement over approximately 3.8 feet along the northern boundary of the property of defendant Catherine Benjamin. In light of our determination, we do not address the remaining arguments advanced by the parties. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Prescriptive Easement.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.