■ HASGO POWER EQUIPMENT SALES, INC., Appellant, v EVERETT M. LEWIS, Respondent. [624 NYS2d 713] —Judgment insofar as appealed from unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in determining that defendant acquired a prescriptive easement to use plaintiff's property on Conesus Lake, known as the "Spring Lot", for "the cultivation of flowers in the area of the structure and pump, and the use of the shoreline for the placement of docks, boat launching, etc." In making that determination, the court concluded that a prescriptive easement had been shown by a preponderance of the credible evidence. It is firmly estab-

lished, however, that an easement by prescription must be established by the higher standard of clear and convincing evidence *(Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150, 156; *Boumis v Caetano,* 140 AD2d 401, 402; *Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538). Defendant failed to meet that burden of proof. The record is devoid of evidence that defendant used the shoreline for the placement of docks, boat launchings or any other purpose. Defendant, therefore, acquired no prescriptive rights to use the shoreline. The only evidence that defendant used the Spring Lot for the cultivation of flowers is testimony that defendant's wife had planted day lilies in the area of the structure and pump and that defendant pulled the blossom stems from those plants each fall. The annual plucking of flowers, however, is not the type of use that would provide notice of a hostile claim to the owner of the Spring Lot *(see, Midollo v Fanelli,* 186 AD2d 545; *Jansen v Sawling,* 37 AD2d 635; *Merriam v 352 W. 42nd St. Corp.,* 14 AD2d 383, 386). It was error, therefore, to declare that defendant has an easement over the Spring Lot for the cultivation of flowers.

We grant judgment in favor of plaintiff declaring that plaintiff has absolute and unencumbered title to the Spring Lot, that defendant has no valid claim to an interest or estate in the Spring Lot and that defendant and every person claiming under him is forever barred from asserting such claim to an interest or estate, the invalidity of which has been established in this action *(see,* RPAPL 1521). (Appeal from Judgment of Supreme Court, Livingston County, Wiggins, Jr., J.— Prescriptive Easement.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.