■ ARCHBISHOP WALSH HIGH SCHOOL, Appellant, v SECTION VI OF THE NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., Respondent. [629 NYS2d 346] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum. Plaintiff, Archbishop Walsh High School (Walsh), a not-for-profit Catholic high school located in Olean, New York, commenced this action seeking judgment declaring it to be a member of defendant Section VI of the New York State Public High School Athletic Association, Inc. (Section VI). Walsh alleged that the requirement of a referendum vote as a prerequisite for non-public schools to acquire membership in Section VI is violative of Walsh's right to equal protection under the Fourteenth Amendment of the US Constitution because no such referendum vote is required as a condition for public high schools to acquire membership in Section VI. Walsh contends that no legitimate State purpose exists that is rationally served by the disparate treatment between public and non-public high schools.

Supreme Court properly rejected Walsh's contention. Upon application of the rational basis standard to the facts of this case, we conclude that the different classification between public and non-public high schools is not violative of Walsh's right to equal protection. That classification bears a rational relationship to a legitimate State purpose *(see, O'Connell High School v Virginia High School League,* 581 F2d 81, *cert denied* 440 US 936). Plaintiff has tendered no evidence that the reasons for that classification advanced by Section VI are not genuine, and therefore, plaintiff failed to meet its burden of showing its entitlement to the requested declaratory relief.

Rather than granting the summary judgment motion of Section VI dismissing the complaint, however, the court should have declared the rights of the parties *(see, Lucas v Benjamin,* 213 AD2d 1015; *Shields v City of Buffalo,* 206 AD2d 921, *lv denied* 84 NY2d 813). We modify the judgment on appeal, therefore, by reinstating the complaint and by granting judgment in favor of Section VI declaring that the denial of membership to Walsh in Section VI based upon a referendum vote is not violative of Walsh's right to equal protection under the Fourteenth Amendment of the US Constitution. (Appeal from Judgment of Supreme Court, Cattaraugus County, Francis, J.—Declaratory Judgment.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.