■ ALGOMOD TECHNOLOGIES CORP., Appellant, v KEVIN PRICE et al., Respondents. [886 NYS2d 120]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 19, 2008, dismissing the complaint pursuant to an order, same court and Justice, entered June 18, 2008, which, in an action by a seller of information technology consulting services against two employees of one of its customers (Verizon) for, inter alia, tortious interference with prospective business relations, granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

With respect to the cause of action for tortious interference with prospective business relations, the complaint fails to correct the deficiencies in plaintiff's prior complaint, which was dismissed for failure to plead the elements of that cause of action in a nonconclusory manner, and therefore was properly dismissed as precluded by the prior dismissal (*see 175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]). While the complaint contains additional allegations concerning defendants' purported role in the downgrading of plaintiff's vendor status with Verizon, it fails to plead, in nonconclusory language (*see Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 586-587 [1987]), that defendants' acts were accompanied by the use of wrongful means (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996]), and that but for such acts plaintiff would have entered into new relationships with Verizon (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265 [2002]). The complaint also fails to set forth facts showing that defendants acted for personal interests rather than those of Verizon (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 110 [2002]). Plaintiff's cause of action for conversion, which alleges that a competitor, aided by defendants, hacked into Verizon's procurement Web site and stole plaintiff's proprietary information, was properly dismissed for lack of nonconclusory allegations showing that the alleged hacking occurred or, if it did, that plaintiff's proprietary information was compromised. In the absence of any viable causes of action, the conspiracy claims cannot stand as an independent tort (*see Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 425 [2006]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.