MISPALLELEH BEIS MEDRESH TORAH VADAAS et al., Appellants, v YESHIVATH KEHILATH YAKOV, INC., et al., Respondents. [933 NYS2d 291]—

The Supreme Court properly granted the defendants' cross motion for summary judgment, in effect, declaring that the plaintiffs are not entitled to ongoing access to a portion of certain premises owned by the defendant Yeshivath Kehilath Yakov, Inc. (hereinafter Yeshivath). The defendants established their entitlement to judgment as a matter of law in connection with the first cause of action alleging a contractual right to ongoing access to the relevant portion of the subject premises by submitting the relevant deed and contract documents, which

do not contain any such provision. In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendants established their entitlement to judgment as a matter of law in connection with the second cause of action alleging a prescriptive easement by demonstrating that the plaintiffs' use of the relevant portion of the subject premises was permissive, and not hostile (*see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583 [2006]; *Beretz v Diehl*, 302 AD2d 808 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Hostility "does not require a showing of enmity or specific acts of hostility . . . All that is required is a showing that the [use] constitutes an actual invasion of or infringement upon the owner's rights" (*Hall v Sinclaire*, 35 AD3d 660, 663 [2006] [internal quotation marks omitted]; *see Gore v Cambareri*, 303 AD2d 551, 553 [2003]; *Katona v Low*, 226 AD2d 433, 434 [1996]). Proof of permissive use will negate the element of hostility and defeat creation of a prescriptive easement (*see Beretz v Diehl*, 302 AD2d 808 [2003]). The plaintiffs' own submissions established that, after they were excluded from the subject premises in the 1990s, community leaders convinced Yeshivath to permit the plaintiffs continued use of the subject premises. Thus, the plaintiffs' submissions established that their use was with the owner's express, albeit reluctant, permission.

In light of our determination, the plaintiffs' contentions regarding their motion for preliminary injunctive relief have been rendered academic.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not entitled to ongoing access to the relevant portion of the subject premises (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.