◼ MADISON PILGRIM et al., Appellants, v KRISTINE PANTORILLA, Respondent. [42 NYS3d 172]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of a parcel of real property, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Connolly, J.), dated January 6, 2016, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint and declared the defendant to be the owner of the subject property.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The complaint alleges that the plaintiffs, Madison Pilgrim and Krystal Pilgrim (hereinafter together the Pilgrims), acquired title to a parcel of property in New York (hereinafter the New York property) by deed dated September 5, 2012, and that thereafter a dispute arose between the Pilgrims and the defendant, Kristine Pantorilla, regarding that property and another property located in Jersey City, New Jersey (hereinafter the New Jersey property). Pantorilla commenced an action against the Pilgrims in New York pertaining to the New York property, and an action in New Jersey pertaining to the New Jersey property. Both of the actions were resolved by a stipulation of settlement. The settlement provided, in pertinent part, that the Pilgrims would execute deeds conveying both properties to Pantorilla, that the New York property "be immediately listed for sale with Pelham Realty . . . who shall set the list-

ing price," and that the actions in New York and New Jersey "shall be dismissed with prejudice and without costs, but the courts where they were filed may be utilized for enforcement of this agreement." The Pilgrims did not transfer the deed to the New York property to Pantorilla as required by the settlement agreement, and Pantorilla thereafter sought enforcement of the settlement agreement in the New Jersey court. The New Jersey court appointed an agent for the Pilgrims to transfer the deed for the New York property to Pantorilla.

The Pilgrims thereafter commenced this action against Pantorilla alleging that (1) the New Jersey court did not have authority to enforce the settlement agreement with respect to the New York property; (2) Pantorilla breached the settlement agreement by failing to list the New York property for sale which was a condition precedent to the Pilgrims' obligation to transfer the deed to Pantorilla; and (3) the Pilgrims were entitled to a judgment declaring that they were the sole owners of the New York property. Prior to serving an answer, Pantorilla moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a judgment declaring that she is the owner of the New York property. The Supreme Court granted that branch of Pantorilla's motion and declared her to be the owner of the New York property. We affirm.

Contrary to the Pilgrims' contention, the settlement agreement, which pertained to properties in both New York and New Jersey, expressly permitted the parties to seek enforcement of the settlement agreement in either the State of New Jersey or the State of New York.

The Pilgrims' contention that Pantorilla breached the settlement agreement is barred by the doctrine of res judicata since that contention could have been raised in the action in New Jersey in which Pantorilla sought enforcement of the settlement agreement against the Pilgrims (*see Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]; *Matter of Kafka v Meadowlark Gardens Owners, Inc.*, 34 AD3d 676, 677 [2006]; *Luscher v Arrua*, 21 AD3d 1005, 1006-1007 [2005]).

A motion to dismiss a cause of action for declaratory relief generally "presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013]). However, "where the court, deeming the material allegations of the complaint to be true, is nonetheless able to determine, as a matter of law, that the defendant is

entitled to a declaration in his or her favor, the court may enter a judgment making the appropriate declaration" (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d at 728; *see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150-1151 [2011]; *Washington County Sewer Dist. No. 2 v White*, 177 AD2d 204, 206 [1992]). Here, deeming the material allegations of the complaint to be true and considering the documents that were attached to and made part of the complaint (*see* CPLR 3014), including the stipulation of settlement, the Supreme Court properly determined, as a matter of law, that Pantorilla was entitled to a declaration in her favor (*see Plaza Dr. Group of CNY, LLC v Town of Sennett*, 115 AD3d 1165, 1166 [2014]; *Minovici v Belkin BV*, 109 AD3d 520, 524 [2013]).

The Pilgrims' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.