■ Brenderline Blake, Respondent, v City of New York, Appellant. [41 NYS3d 755]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated June 30, 2014, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the cause of action pursuant to General Municipal Law § 205-e as was predicated upon a violation of Labor Law § 27-a (3) (a) (1) as barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the cause of action pursuant to General Municipal Law § 205-e as was predicated upon a violation of Labor Law § 27-a (3) (a) (1) as barred by the doctrine of res judicata is granted.

The plaintiff police officer allegedly was injured during an altercation with an individual she was attempting to arrest, after a cannister of mace she had tried to deploy failed to function. In a prior action against her employer, the City of New York, the plaintiff alleged a cause of action pursuant to General Municipal Law § 205-e, predicated upon an alleged violation of Labor Law § 27-a (3) (a) (1). The City moved pursuant to CPLR 3211 (a) (7) to dismiss that cause of action, and the Supreme Court denied that relief. The City appealed, and this Court reversed, concluding that "[a]lthough Labor Law § 27-a (3) may serve as a proper predicate for a cause of action alleging a violation of General Municipal Law § 205-e," the plaintiff had "failed to allege that her injuries resulted from a 'recognized hazard[ ]' within the meaning of the Labor Law" (*Blake v City of New York*, 109 AD3d 503, 504 [2013]).

The plaintiff thereafter commenced this action pursuant to General Municipal Law § 205-e, predicated, inter alia, upon Labor Law § 27-a (3) (a) (1). The present complaint alleged the same facts as alleged in the first complaint and merely added an express allegation that the plaintiff's injuries resulted from a recognized hazard within the meaning of Labor Law § 27-a (3) (a) (1). The City moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of res judicata. The Supreme Court denied the motion. We reverse the order insofar as appealed from.

The Supreme Court should have granted that branch of the motion which was to dismiss so much of the General Municipal Law § 205-e cause of action as was predicated upon a violation

of Labor Law § 27-a (3) (a) (1) as barred by the doctrine of res judicata. The doctrine precludes a party from relitigating a claim that has been finally adjudicated on the merits (*see Matter of Josey v Goord*, 9 NY3d 386, 389 [2007]; *Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]). Although, generally, an order granting a motion pursuant to CPLR 3211 (a) (7) is not a determination on the merits (*see Pereira v St. Joseph's Cemetery*, 78 AD3d 1141, 1142 [2010]), such a determination has preclusive effect as to "a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (*175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]). This Court did not dismiss the prior General Municipal Law § 205-e cause of action predicated upon a violation of Labor Law § 27-a (3) (a) (1) for a mere failure to include the statutory language in the complaint. Rather, our decision and order, which included a description of the factual allegations in the complaint and citation to substantive case law involving the "recognized hazard" requirement of Labor Law § 27-a (3) (a) (1), when taken as a whole, determined that the facts alleged, even if true, did not state a cause of action predicated upon violation of that statute. Since the present complaint alleged the same facts as alleged in the first complaint, and merely added an express allegation that the plaintiff's injury was caused by a recognized hazard within the meaning of the Labor Law, the present complaint failed to cure the defect in the first complaint. Accordingly, this Court's prior decision and order is properly given preclusive effect (*see Algomod Tech. Corp. v Price*, 65 AD3d 974 [2009]; *see generally 175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.