Park Slope Auto Ctr., Inc. v Papa (2021 NY Slip Op 00181)





Park Slope Auto Ctr., Inc. v Papa


2021 NY Slip Op 00181


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-13463
 (Index No. 500990/18)

[*1]Park Slope Auto Center, Inc., appellant,
v
Philip Papa, etc., et al., respondents.


Moulinos & Associates, LLC, New York, NY (Peter Moulinos and Daniel Levinas of counsel), for appellant.
Pryor Cashman, LLP, New York, NY (Eric D. Sherman, Bryan T. Mohler, and Benjamin S. Akley of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 25, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for a preliminary injunction and granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and to cancel the notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and adding thereto a provision deeming that branch of the defendants' motion to be for a judgment declaring that the plaintiff did not acquire title to the subject real property by adverse possession, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff did not acquire title to the subject real property by adverse possession.
In December 1987, Frank Papa (hereinafter the decedent), who was the owner of commercial property located in Brooklyn (hereinafter the premises), was paid "key money" in the amount of $20,000 by the plaintiff, which thereafter began operating an auto repair business on the premises.
On November 16, 2012, the decedent sold the premises to the defendant Twin PA Realty Corp. (hereinafter Twin Realty). By letter dated February 13, 2013, Twin Realty informed the plaintiff that it was terminating the plaintiff's tenancy as of March 31, 2013. As a result, in February 2013, the plaintiff commenced an action against the decedent seeking a judgment declaring that it was the owner of the premises based on a claim of adverse possession (hereinafter the 2013 action). In the 2013 action, the plaintiff alleged that the $20,000 paid to the decedent was "in exchange" for the plaintiff's "right to take possession and occupy the [premises]," and that its occupation of the premises was adverse from the time of the payment.
In 2016, the decedent died and the executor of his estate was substituted as a [*2]defendant. On March 29, 2017, Twin Realty sold the property to the defendant 651 4th Ave., LLC (hereinafter 651 4th Ave.). Thereafter, 651 4th Ave. filed plans with the New York City Department of Buildings to demolish the building on the premises in order to construct a 10-story building.
By order dated December 21, 2017, the Supreme Court directed dismissal of the complaint in the 2013 action on the ground that it failed to state a cause of action for adverse possession (hereinafter the 2017 order). The court reasoned that, in the complaint in the 2013 action, the plaintiff pleaded facts negating the element of hostile possession, an essential element of adverse possession. Specifically, the court found that the plaintiff's payment to the decedent of the sum of $20,000 in exchange for possession of the premises, constituted the decedent's consent to the plaintiff's possession, thereby rebutting the inference of hostile possession. The plaintiff did not appeal from the 2017 order.
In January 2018, the plaintiff commenced the instant action against the executor of the decedent's estate, Twin Realty, 651 4th Ave., and the defendant Twin PA Holding, LLC, seeking a judgment declaring that the plaintiff was the lawful owner of the premises by virtue of adverse possession and to quiet title (hereinafter the 2018 action). In the 2018 action, the plaintiff alleged that it paid the decedent the sum of $20,000 "for the right to take possession and occupy the [premises] as a tenant." The plaintiff further alleged that it began to hold the premises adversely in December 1997, and filed a notice of pendency.
By order to show cause dated February 9, 2018, the plaintiff sought, among other things, a preliminary injunction enjoining the defendants from performing any construction work on the premises. The defendants then moved, among other things, pursuant to CPLR 3211(a) to dismiss the 2018 complaint and to cancel the notice of pendency. The defendants argued, inter alia, that the 2018 action was barred by the doctrine of res judicata since the 2018 action involved the same claims and arose out of the same facts as those raised in the 2013 action.
In an order dated October 25, 2018, the Supreme Court denied the plaintiff's motion and granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and to cancel the notice of pendency. The plaintiff appeals.
The Supreme Court properly determined that the complaint in the 2018 action was barred by the doctrine of res judicata. "The doctrine precludes a party from relitigating a claim that has been finally adjudicated on the merits" (Blake v City of New York, 144 AD3d 1071, 1073; see Matter of Josey v Goord, 9 NY3d 386, 389; Djoganopoulos v Polkes, 67 AD3d 726, 727). Although, generally, "[a] dismissal for failure to state a cause of action based on the insufficiency of the allegations in the pleading is not a dismissal on the merits, and does not bar the adequate repleading of the claim in a subsequent action" (Canzona v Atanasio, 118 AD3d 837, 840-841; see Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142), such a determination has preclusive effect as to "a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1). Since the 2018 complaint alleged virtually the same facts as alleged in the 2013 complaint, and did not correct the defects in the 2013 complaint, the 2017 order dismissing the 2013 action pursuant to CPLR 3211(a) was properly given preclusive effect (see Blake v City of New York, 144 AD3d at 1073).
Moreover, the Supreme Court acted properly in cancelling the notice of pendency (see Citibank, N.A. v Herman, 125 AD3d 587, 589; Town of Oyster Bay v Doremus, 94 AD3d 867, 870).
Although the Supreme Court did not reach that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, we reach that issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; see also Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc., 77 AD3d 924, 926).
The courts may consider "the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where 'no [*3]questions of fact are presented [by the controversy]'" (Matter of Tilcon, N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Hoffman v City of Syracuse, 2 NY2d 484, 487; see North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 889). "Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d at 890 [internal quotation marks omitted]). In this case, inasmuch as the instant complaint, like the 2013 complaint, pleaded facts that negated the element of hostile possession, prima facie rebutting the inference of hostile possession necessary for a determination of adverse possession, and since the plaintiff sought declaratory relief, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff did not acquire title to the premises by adverse possession (see Lanza v Wagner, 11 NY2d 317; Astoria Landing Inc. v New York City Council, 186 AD3d 1593; see also Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954; Hudson v Murray, 207 AD2d 527, 528).
In light of our determination we need not address the parties' remaining contentions.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court