572 Walt Whitman Rd. Holdings, LLC v Whitman Capital, LLC (2025 NY Slip Op 02179)

572 Walt Whitman Rd. Holdings, LLC v Whitman Capital, LLC

2025 NY Slip Op 02179

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-04456
 (Index No. 608441/19)

[*1]572 Walt Whitman Road Holdings, LLC, respondent,
v
Whitman Capital, LLC, et al., appellants.

Yan Margolin, New York, NY, for appellants.
Guadagnoli & Associates, P.C., New York, NY (David Guadagnoli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff's property is benefitted by an easement by necessity or a prescriptive easement over certain property owned by the defendants, the defendants appeal from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated May 15, 2020. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action, and granted the plaintiff's motion for a preliminary injunction and fixed an undertaking in the amount of $50,000.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, and substituting therefor a provision deeming that branch of the motion to be for a declaratory judgment in the defendants' favor on that cause of action, and thereupon granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the plaintiff.
In 1945, a plot of land in Suffolk County was divided into lots, including those now known as 560 Walt Whitman Road (hereinafter the defendants' property) and 572 Walt Whitman Road (hereinafter the plaintiff's property). In 1961, the plaintiff's predecessor in interest acquired and began occupying the plaintiff's property. As alleged in the amended complaint, since no later than 1962, the plaintiff and its predecessors in interest routinely used an approximately 24-foot-wide and 330-foot-long strip of the defendants' property (hereinafter the easement), inter alia, for ingress and egress to the parking area on the plaintiff's property. In 1982, the plaintiff's predecessor in interest and the defendants' predecessors in interest executed an agreement covering approximately the rear 40% of the easement, in which the plaintiff's predecessor in interest acknowledged that it enjoyed a "license at will . . . for parking purposes" over that area (hereinafter the 1982 license).
In 2013, the defendants acquired the defendants' property via a referee's deed following a foreclosure action against the prior owner. Prior to that foreclosure, and for approximately five years thereafter, the same engineering firm that owns the plaintiff was also a tenant in the defendants' property. In 2019, that tenancy relationship ended, but the plaintiff sought to continue using the parking area on the defendants' property, as well as the easement. The parties failed to reach an agreement regarding the parking area and the plaintiff's use of the easement, and [*2]the defendants took steps to install a fence separating the defendants' property from the plaintiff's property, which would have obstructed the plaintiff's use of the easement.
In May 2019, the plaintiff commenced this action, among other things, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff's property is benefitted by either an easement by necessity or a prescriptive easement over the defendants' property. The plaintiff moved for a preliminary injunction enjoining the defendants from interfering with the easement. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the first, second, and third causes of action, which sought, respectively, a judgment declaring that the plaintiff's property is benefitted by an easement by necessity, a judgment declaring that the plaintiff's property is benefitted by a prescriptive easement, and related injunctive relief. In an order dated May 15, 2020, the Supreme Court denied the defendant's motion, granted the plaintiff's motion, and fixed an undertaking in the amount of $50,000. The defendants appeal.
"A motion pursuant to CPLR 3211(a)(1) to dismiss causes of action based upon documentary evidence may appropriately be granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Board of Mgrs. of 285 Driggs Ave. Condominium v 285 Driggs Ave., LLC, 173 AD3d 821, 822 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Board of Mgrs. of 285 Driggs Ave. Condominium v 285 Driggs Ave., LLC, 173 AD3d at 822 [alteration and internal quotation marks omitted]).
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Paden v Brooklyn Museum of Arts, 226 AD3d 920, 920-921 [internal quotation marks omitted]). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (88-18 Tropical Restaurante Corp.v Utica First Ins. Co., 223 AD3d 772, 773 [internal quotation marks omitted]; see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325; Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150). "However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (88-18 Tropical Restaurante Corp.v Utica First Ins. Co., 223 AD3d at 773 [internal quotation marks omitted]; see Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754, 757; Pilgrim v Pantorilla, 144 AD3d 882, 883-884).
A party seeking to establish the existence of an easement by necessity must demonstrate "that there was a unity and subsequent separation of title, and that at the time of severance an easement over the servient estate's property was absolutely necessary" (Simone v Heidelberg, 9 NY3d 177, 182 [alterations and internal quotation marks omitted]). An easement is not "absolutely necessary" if a parcel has access to a public road without an easement (Klumpp v Freund, 83 AD3d 790, 793; see Turner v Baisley, 197 AD2d 681, 682). "[T]he necessity must exist in fact and not as a mere convenience" (U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 838 [internal quotation marks omitted]). Because necessity must exist from the time of severance onward, subsequent developments, even those that create an actual necessity, cannot create an [*3]easement by necessity (see e.g. McColgan v Brewer, 84 AD3d 1573).
Here, according to the allegations in the amended complaint, the plaintiff's property has access to another public roadway. While the plaintiff argues that this access is insufficient in its current form, the availability of alternate access without the need to impair another's property rights negates the element of necessity (see Klumpp v Freund, 83 AD3d at 793). Further, as shown on the map attached to the amended complaint, at the time of severance, all parcels concerned shared the same access to the public roads. The plaintiff's conclusory allegation in the amended complaint that "[a]t the time of the conveyance by the common grantor, use of the [e]asement was a necessity for the intended commercial development of the [p]laintiff's [property]" was insufficient to allege that, at the time of severance, an easement across the defendants' property was absolutely necessary (see Simone v Heidelberg, 9 NY3d at 182; GDG Realty, LLC v 149 Glen St. Corp., 155 AD3d 833, 836). Since no questions of fact are presented regarding whether the plaintiff has an easement by necessity, the Supreme Court should have deemed that branch of the defendants' motion which was to dismiss the first cause of action to be for a declaratory judgment in the defendants' favor on that cause of action and thereupon granted that branch of the motion.
"To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Aboulissan v Kingsland 79, LLC, 179 AD3d 878, 879 [internal quotation marks omitted]). "The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the 'unequivocal acts of the usurper'" (Bratone v Conforti-Brown, 150 AD3d 1068, 1070, quoting Monnot v Murphy, 207 NY 240, 245). "In general, where an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (Ciringione v Ryan, 162 AD3d 634, 634 [internal quotation marks omitted]). "This presumption, however, does not arise 'when the parties' relationship was one of neighborly cooperation or accommodation'" (Colin Realty Co., LLC v Manhasset Pizza, LLC, 137 AD3d 838, 840, quoting Ward v Murariu Bros., Inc., 100 AD3d 1084, 1085). At the same time, "[h]ostility does not require a showing of enmity or specific acts of hostility . . . [.] All that is required is a showing that the use constitutes an actual invasion of or infringement upon the owner's rights" (Mispalleleh Beis Medresh Torah Vadaas v Yeshivath Kehilath Yakov, Inc., 89 AD3d 700, 701 [alteration and internal quotation marks omitted]).
Here, the amended complaint adequately alleged facts supporting a prescriptive easement, and the defendants failed to establish that no questions of fact are presented regarding the second cause of action, seeking a judgment declaring that such an easement exists. Notably, the 1982 license, by its own terms, concerns only parking and not use of the easement for ingress and egress. Moreover, there is no indication that the split-rail fence allegedly shown on the map attached to the 1982 license impeded the use of the easement for that purpose, nor is there record evidence showing that such interruption prevented the plaintiff or its predecessors in interest from using the easement for some 10-year period within the 20 years between 1962 and 1982. Moreover, since the use allegedly protected by the easement is different than the use licensed by the 1982 license, the 1982 license does not constitute an express grant of permission negating the element of hostility, as the use of the easement for ingress and egress was still "an actual invasion of or infringement upon the owner's rights" (Mispalleleh Beis Medresh Torah Vadaas v Yeshivath Kehilath Yakov, Inc., 89 AD3d at 701 [internal quotation marks omitted]). In the absence of such an express grant, "generally, the question of implied permission is one for the factfinder to resolve" (Kheel v Molinari, 165 AD3d 1576, 1578 [alteration and internal quotation marks omitted]).
Further, according the plaintiff the benefit of every possible favorable inference, questions of fact remain regarding whether the split-rail fence shown on the map attached to the 1982 license was removed at some point or whether it did not interfere with the use of the plaintiff or its predecessors in interest of the easement.
"To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a [*4]balancing of the equities in the movant's favor" (County of Suffolk v Givens, 106 AD3d 943, 944; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895 [internal quotation marks omitted]).
Here, as discussed above, the plaintiff showed a likelihood of success on the merits for its claim of a prescriptive easement. The plaintiff demonstrated a risk of irreparable harm through its submissions regarding the necessity of the easement to the safe operation of the plaintiff's property, in particular the accessibility of the property for fire trucks and other emergency vehicles. Lastly, given that the plaintiff made credible allegations that allowing the construction of the fence would interfere with its use of the easement and impair the ability of emergency vehicles to access the plaintiff's property, the equities balance in the plaintiff's favor. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction.
"The amount of the undertaking . . . must not be based upon speculation and must be rationally related to the damages the defendants might suffer if the court later determines that the relief to which the undertaking relates should not have been granted" (Tahmin v Interlaken Owners, Inc., 228 AD3d 983, 985 [alteration and internal quotation marks omitted]). "The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Boyd v Assanah, 210 AD3d 855, 856-857 [internal quotation marks omitted]).
Here, in fixing the amount of the undertaking, the Supreme Court providently exercised its discretion in determining that $50,000 was an adequate amount to protect the defendants for any increased difficulty they may have faced in renting the defendants' property.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court