Henry v Khan

2026 NY Slip Op 01946

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Alex Henry, et al., appellants,

v

Ehsan Khan, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-03654, (Index No. 151995/23)

Francesca E. Connolly, J.P.

Paul Wooten

Helen Voutsinas

James P. Mccormack, JJ.

Napoletano Law, Brooklyn, NY (Domenick Napoletano of counsel), for appellants.

Robert Melamed, Brooklyn, NY (Mark A. Longo of counsel), for respondent.

[*1]

DECISION & ORDER

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated February 6, 2024. The order, insofar as appealed from, granted the cross-motion of the defendant Ehsan Khan for summary judgment dismissing the complaint insofar as asserted against him and, in effect, declaring that the plaintiffs did not acquire title to the subject property by adverse possession, and denied the plaintiffs' motion for leave to amend the complaint.

ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the plaintiffs did not acquire title to the subject property by adverse possession.

In 2020, the defendant Ehsan Khan (hereinafter the defendant) acquired title to real property located in Staten Island. In October 2023, the plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title to the property against, among others, the defendant, alleging that the plaintiffs were the owners of the property by adverse possession.

The plaintiffs moved to consolidate the action with an eviction proceeding that the defendant had commenced in July 2023 in the Civil Court against two nonparties to this action and John and Jane Does. In an order dated November 20, 2023, the motion was denied without prejudice to renew upon proper service of the summons and complaint in this action. Thereafter, the plaintiffs effectuated service of the summons and complaint upon the defendant, among others.

The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him and, in effect, declaring that the plaintiffs did not acquire title to the subject property by adverse possession. The plaintiffs moved for leave to amend the complaint.

In an order dated February 6, 2024, the Supreme Court, inter alia, granted the defendant's cross-motion and denied the plaintiffs' motion for leave to amend the complaint. The plaintiff appeals.

"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period" (169 MLS Realty Corp. v One 69 Skill Corp., 197 AD3d 1079, 1081 [internal quotation marks omitted]; see RPAPL 501; Buckheit v Aiken, 232 AD3d 842, 843). "In [*2]2008, the adverse possession statute (RPAPL art 5) was amended in its entirety (L 2008, ch 269) to, among other things, discourage people from claiming adverse possession over real property they know belongs to another with superior ownership rights" (Estate of Becker v Murtagh, 19 NY3d 75, 81 n 4). "Claim of right" is now defined as "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501[3]).

As the Supreme Court properly determined, the complaint failed to allege that the plaintiffs' possession of the property was under a claim of right. The plaintiffs' proposed amended complaint pleaded facts that negated that element, prima facie rebutting the element of possession under a claim of right necessary for a determination of adverse possession (see RPAPL 501[3]; Perillo v Charles, 237 AD3d 984; Deutsche Bank Natl. Trust Co. v Nachimovsky, 188 AD3d 811, 811-812). Under these circumstances, the court properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and, in effect, declaring that the plaintiffs did not acquire title to the subject property by adverse possession (see Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754, 757). We remit the matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the plaintiffs did not acquire title to the property by adverse possession (see Lanza v Wagner, 11 NY2d 317; Park Slope Auto Ctr., Inc. v Papa, 190 AD3d at 757).

In light of the above, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint, as the proposed amendments were patently devoid of merit (see Singh v T-Mobile, 232 AD3d 662, 667; Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924).

The plaintiffs' remaining contention is without merit.

CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court